UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VICTOR GUILLERMO ORTEGA,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION CENTER,

Respondent.

Case No. 1:26-cv-05135 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Victor Guillermo Ortega filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). *See* Dkt. No. 1 at 7. The instant petition raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Petitioner first entered the United States in 1998, was arrested by U.S. Border Patrol, and was granted a voluntary return to Mexico. Dkt. No. 8-1 at 2. He re-entered the United States shortly thereafter at an unknown date and time and has been living in the United States for the past twenty-eight years. Dkt. No. 9-1 at 2. Since his re-entry, he has gotten married and has raised three United States citizen children. *Id*. He does not allege having involvement with immigration authorities prior to his current detention, and it appears that his recent arrest was his first encounter with them since he was granted a voluntary return to Mexico. On February 17, 2026, Petitioner was detained by ICE when he was released from Polk County Jail following an arrest for driving without a valid license. Dkt. No. 8-1 at 2.

Petitioner has remained detained since his arrest and has not been provided a bond hearing. He argues that his over six months of detention without a bond hearing violates due

process, requiring either his immediate release or a prompt hearing before an immigration judge. Dkt. No. 9 at 7–12. In opposition, Respondents note that Petitioner's detention without a bond hearing is justified under § 1225(b), but if the Court rejects this argument, a prompt bond hearing is the proper remedy. Dkt. No. 8 at 1.

As it has in the past, the Court rejects Respondents first argument that Petitioner may be detained without the opportunity for release on bond. The Ninth Circuit in *Rodriguez Vazquez v. Bostock* held that § 1225(b)(2)(A) does not apply to noncitizens, like Petitioner, who are present in the United States without admission and were arrested in the interior of the country. 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) ("we conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). Rather, their detention is controlled by § 1226(a), which allows for discretionary release on bond. *Id*. Accordingly, the Court finds that Petitioner's detention, bond, and release are controlled by § 1226(a).

Courts have taken differing approaches when presented with the question of the appropriate remedy where an individual has been unlawfully detained under § 1225(b), but otherwise has not previously been detained by immigration authorities or interacted with immigration authorities in any way. Under some circumstances, courts have granted immediate release. *See, e.g.*, *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025) (granting immediate release where Government denied that petitioner was detained under § 1226); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *7 (E.D. Cal. Jan. 8, 2026) (same); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *7–8 (E.D. Cal. Oct. 27, 2025) (same); *Feng v. Lyons*, No. 1:26-CV-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (refusal to provide § 1226(a) bond hearing was a due process violation that warranted release where government made no showing that Petitioner was a flight risk or danger to the public); *Molina Alberto v. Leyva*, No. 2:26-CV-01216-RFB-NJK, 2026 WL 1557266, at *4 (D. Nev. June 2, 2026) (same); *Djiwaje v. Bondi*, No. 2:26-CV-00344-RFB-MDC, 2026 WL 926753, at *3–4 (D. Nev. Apr. 6, 2026) (finding an arrest is unlawful, and

release was warranted, where the Government failed to follow its own regulations under § 1226(a) in issuing a warrant before arresting petitioner). In other instances, courts have denied release, but ordered that the petitioner be provided a prompt § 1226(a) bond hearing before an Immigration Judge. *Henry A.V.L. v. Warden of the Cent. Valley Annex Det. Facility*, No. 1:26-CV-03354-MWJS, 2026 WL 1391273, at *2 (E.D. Cal. May 18, 2026); *Anderson O.H.G. v. Johnson*, No. 1:26-CV-03248-MWJS, 2026 WL 1330831, at *1 (E.D. Cal. May 12, 2026); *Lopez-Perez v. Johnson*, No. 1:26-CV-03083-JLT-SAB (HC), 2026 WL 1506818, at *1 (E.D. Cal. May 29, 2026).

Under the circumstances presented here, a prompt bond hearing is proper. Respondents have submitted evidence of Petitioner's criminal arrest suggesting that he may be a danger to the community if released, and Petitioner has not otherwise established that he is entitled to release on due process grounds. Respondents, however, must make this showing at a bond hearing which Petitioner is statutorily entitled to.

Accordingly, the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED in part. Within fourteen (14) days of this order Respondents are directed to arrange a bond hearing for Petitioner before a neutral immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations at which Petitioner's eligibility for bond must be considered. Petitioner shall be allowed to have counsel present, and the bond hearing may be rescheduled to a later on Petitioner's request. Respondents are ordered to file a status report, within five days of the bond hearing, confirming that the hearing occurred and attaching or describing the immigration judge's order.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: September 1, 2026

VINCE CHHABRIA
United States District Judge